**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| GAYLORD SPELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| CASINO QUEEN, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Gaylord Spells, by and through counsel, Mathis, Marifian & Richter, Ltd., and for his Complaint against Defendant Casino Queen, Inc., submits the following:

## NATURE OF ACTION

This is an action to correct unlawful retaliation and gender discrimination by Casino Queen, Inc. ("Casino Queen"). Casino Queen is a riverboat casino located in East St. Louis, Illinois. Plaintiff, Gaylord Spells, is a male who was employed by the Casino Queen for twenty-one (21) years before he was constructively discharged on July 2, 2021.  Plaintiff was unlawfully retaliated and discriminated against in violation of Title VII based on his gender and protected association with a co-worker, Latorya Johnson.

## PARTIES

1.     Gaylord Spells is a male citizen and resident of St. Clair County, Illinois. At the time of Defendant's discriminatory and retaliatory misconduct, Plaintiff was employed as a Lead Security Officer for Defendant.

2.     Defendant Casino Queen is an Illinois corporation with its principal place of business in East St. Louis, Illinois.

## JURISDICTION

3.      The Court has subject matter judication over the lawsuit because the action arises under 42 U.S.C. § 2000d and 42 U.S.C § 12112.

4.      Venue is appropriate in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b) as all of the acts and omissions giving rise to Plaintiff's claims occurred there and Plaintiff and Defendant may be found in this judicial district.

## FACTS

5.      At all times relevant herein, Plaintiff was employed as a Lead Security Officer with Casino Queen and would occasionally step into the role of a Corporal Security Supervisor.

6.      Plaintiff was employed by Casino Queen for twenty-one (21) years beginning January 4, 2000 before his constructive discharge on or about July 4, 2021.

7.      Over the years working at Casino Queen, Plaintiff built a close relationship with two of his colleagues, Latorya Johnson and Tyson Ruffin.

8.      Plaintiff's supervisor, Jennifer Kupinski, was aware of Plaintiff, Ms. Johnson, and Mr. Ruffin's close relationship.

### Ms. Johnson's Medical Leave and Complaint against Ms. Kupinski

9.      At the end of March 2021, Ms. Johnson was required to take a leave of absence due to a pregnancy related medical condition.

10.      As a result of their close friendship, Plaintiff and Mr. Ruffin had knowledge of Ms. Johnson's pregnancy related medical condition and the reason for her medical leave.

11.      Shortly thereafter, in April 2021, Plaintiff's supervisor, Jennifer Kupinski, began harassing Plaintiff and Mr. Ruffin about Ms. Johnson's medical leave.

12.     On numerous occasions, Ms. Kupinski confronted Plaintiff and Mr. Ruffin asking questions about Ms. Johnson's health and reason for taking leave.

13.     Plaintiff did not provide any information to Ms. Kupinski about Ms. Johnson's health or medical leave.

14.     Ms. Kupinski continued to badger Plaintiff and Mr. Ruffin about Ms. Johnson's reason for taking medical leave.

15.     On one occasion, Ms. Kupinski texted Mr. Ruffin asking if Ms. Johnson was pregnant.

16.     Mr. Ruffin never confirmed that Ms. Johnson was pregnant.

17.     Ms. Kupinski began sharing Ms. Johnson's reason for medical leave with other employees at Casino Queen.

18.     Mr. Ruffin forwarded a screenshot of Ms. Kupinski's text message to Ms. Johnson.

19.     Upon returning to work in early June 2021, Ms. Johnson reported Ms. Kupinski's inappropriate behavior, harassment and sex discrimination to Human Resources and the Directors of Security, Patrick Delaney and Ken Kady.

20.     Ms. Johnson filed a complaint against Ms. Kupinski for her inappropriate inquiry into Ms. Johnson's medical condition and subsequent disclosure to her co-workers.

21.     Ms. Johnson provided Human Resources with the screenshot of Ms. Kupinski's text message to Mr. Ruffin asking if Ms. Johnson was pregnant.

22.     In response to Ms. Johnson's complaint, Human Resources, Mr. Delaney and Mr. Kady conducted an internal investigation.

23.     As part of the internal investigation, Human Resources spoke directly with Mr. Ruffin.

24.     In response to the investigation, Mr. Ruffin explained that Ms. Kupinski had asked Plaintiff and Mr. Ruffin, on numerous occasions, to disclose Ms. Johnson's medical condition and information.

25.     At the conclusion of their investigation, Human Resources determined Ms. Kupinski had engaged in misconduct and, as punishment, the Casino Queen assigned Ms. Kupinski to swing-shift.

26.     Ms. Kupinski had previously been assigned to the daytime shift.

27.     As a result of Ms. Kupinski's shift change, the daytime Corporal Security Supervisor position became vacant.

### Ms. Kupinski's Retaliatory Sexual Harassment Claim against Plaintiff

28.     Directly after Casino Queen determined Ms. Kupinski had engaged in misconduct, Ms. Kupinski filed an internal sexual harassment claim against Plaintiff.

29.     After she filed her claim against Plaintiff, Ms. Kupinski sent Plaintiff a text message and said, "*Sorry but feeling hurt and had to play dirty.*"

30.     Ms. Kupinski's claim was based on a conversation between Plaintiff and Ms. Kupinski that had occurred three to four months prior.

31.     During the conversation at issue, Ms. Kupinski and Plaintiff rated their co-workers based on attractiveness.

32.     Ms. Kupinski rated her male co-workers based on their attractiveness, and in turn, Plaintiff rated his female co-workers based on their attractiveness.

33.     Casino Queen investigated Ms. Kupinski's claim against Plaintiff and determined Plaintiff had engaged in misconduct.

34.     As a result, Plaintiff received a "last chance" warning.

35.     Ms. Kupinski received no reprimand for participating in the conversation or rating her male co-workers.

36.     Ms. Kupinski remained scheduled to work the week following the conclusion of the sexual harassment investigation.

**The Corporal Security Supervisor Position**

37.     As a result of Ms. Kupinski's shift change, the daytime Corporal Security Supervisor position became vacant.

38.     Casino Queen does not post or announce promotional opportunities in the security department to its employees.

39.     Instead, promotional opportunities are discussed internally.

40.     In years past, Plaintiff was approached by Mr. Delaney or Mr. Kady when there was a promotional opportunity at the Casino Queen.

41.     Throughout his time working at Casino Queen, Plaintiff had never seen promotional opportunities posted or announced by Casino Queen.

42.     Plaintiff had twenty-one (21) years of experience working security at Casino Queen.

43.     In years past, Plaintiff had been a Corporal Security Supervisor.

44.     At the time of his constructive discharge, Plaintiff was a Lead Security Officer, but would regularly step in to fill the role as Corporal Security Supervisor as needed.

45.     Despite Plaintiff's experience as a Corporal Security Supervisor, Casino Queen did not approach, inform, or discuss the vacant Corporal Security Supervisor position with Plaintiff.

46.     Casino Queen assigned Corporal Donnel Jones to act as the new Corporal Security Supervisor and fill Ms. Kupinski's vacant position.

47.     Corporal Jones had a reputation for being a difficult supervisor.

48.     Corporal Jones had several complaints of sexual harassment filed against him.

49.     Corporal Jones has never received a "last written warning" for the sexual harassment complaints filed against him.

50.     Mr. Ruffin was not considered for the promotional position either.

51.     After Casino Queen awarded the position to Corporal Jones, Mr. Ruffin confronted Mr. Delaney to discuss why Mr. Ruffin and Plaintiff had not been considered for the promotion.

52.     During their conversation, Mr. Delaney stated he was not happy with Plaintiff or Mr. Ruffin since Ms. Kupinski had been investigated.

53.     Casino Queen made work uncomfortable and difficult for Plaintiff.

54.     As a result of the discrimination and retaliation, on or about July 3, 2021, Plaintiff resigned.

55.     Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission on January 27, 2022. A true and correct copy of Plaintiff's charge is attached as Exhibit A.

56.     Plaintiff received his notice of Right to Sue on or about August 1, 2022.

## COUNT I
### Violation of Title VII
### (Associational Retaliation)
### 42 U.S.C. § 2000e-3

57.     Plaintiff repeats and realleges paragraphs 1 through 56 as if set forth fully here.

58.     Defendant intentionally retaliated against Plaintiff because his close friend and co-worker, Latorya Johnson, filed a complaint against Ms. Kupinski regarding sex discrimination and had an internal investigation conducted against her. Plaintiff's relationship to Ms. Johnson was the

sole motivating factor in Ms. Kupinski making a sexual harassment claim against him and in Defendant's failure to consider Plaintiff for promotion.

59.     The Defendant's retaliation against Plaintiff was committed with malice or with reckless indifference to his statutorily protected rights.

60.     Plaintiff has been damaged by virtue of Defendant's conduct. As a result of the deprivations described above, Plaintiff has been constructively discharged; suffered humiliation and embarrassment; and suffered lost wages, fringe benefits and other compensatory and punitive damages.

61.     Plaintiff is entitled to equitable relief, including compensation for lost wages and benefits and reasonable attorney's fees, as this Court deems appropriate under 42 U.S.C. § 2000e-5(g).

62.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.

WHEREFORE, Plaintiff Gaylord Spells prays for Judgment against Defendant Casino Queen, Inc. and for relief in accordance therewith, including but not limited to:

a.      Compensatory damages for lost wages and benefits;

b.      Punitive damages;

c.      Prejudgment interest;

d.      Attorney's fees and costs; and

e.      All other relief that the Court deems just and proper.

## COUNT II
**Violation of Title VII**
**(Sex Discrimination)**
**42 .S.C § 2000e-2**

63.     Plaintiff repeats and realleges paragraphs 1 through 56 as if set forth fully herein.

64.     Title VII of the Civil Rights Act of 1964 provides:

It shall be an unlawful employment practice for an employer to discriminate against any individual because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.

65.     Plaintiff is a member of a protected class.

66.     Plaintiff met or exceeded Defendant's legitimate performance expectations at all times during his employment.

67.     Plaintiff suffered an adverse employment action, impacting the terms and conditions of his employment and opportunity for a promotion, and received a "last chance" warning.

68.     Defendant treated Plaintiff differently as compared to Ms. Kupinski, who also participated in the sexual conversation.

69.     Plaintiff has suffered damages as a result of Defendant's discriminatory actions, including but not limited to lost back pay, lost employer provided benefits, and emotional distress damages.

70.     Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII.

WHEREFORE, Plaintiff Gaylord Spells prays for Judgment against Defendant Casino Queen, Inc. and for relief in accordance therewith, including but not limited to:

a.      Compensatory damages for lost wages and benefits;

b.      Punitive damages;

c.      Prejudgment interest;

d.      Attorney's fees and costs; and

e.      All other relief that the Court deems just and proper.


                          Respectfully submitted,

                          **MATHIS, MARIFIAN & RICHTER, LTD.**


                    By   */s/ Laura E. Schrick*
                          Laura E. Schrick, #06284750
                          Montana L. Sinn, #06339689
                          23 Public Square, Suite 300
                          P.O. Box 307
                          Belleville, IL 62220
                          Phone:  (618) 234-9800
                          Fax:  (618) 234-9786
                          lschrick@mmrltd.com
                          msinn@mmrltd.com